UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE OLIVER : | |
|       Plaintiff, : | |
| : | |
| v. : | No. |
| : | |
| POLICE OFFICER KANE, BADGE #1510, : | |
| Individually and in his Official Capacity : | COMPLAINT |
| and : | |
| JOHN DOE POLICE OFFICER #1 : | |
| Individually and in their Official Capacity : | |
|       Defendants. : | |

## PLAINTIFF'S COMPLAINT IN CIVIL ACTION

### PRELIMINARY STATEMENT

1. This action is brought under 42 U.S.C. §1983 for deprivation of Plaintiff's right to be free from unreasonable seizure pursuant to the Fourth Amendment to the U.S. Constitution.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### PARTIES

3. Plaintiff Andre Oliver, is an adult individual and resident of the City of Philadelphia.

4. Defendant Police Officer Kane, Badge #1510 is an adult individual who, at all times relevant to this action, was a police officer employed by the Philadelphia Police Department, acting within the course and scope of his employment and under color of state law, and he is therefore considered a state actor for purposes of this litigation.

5. Defendant John Doe Police Officer #1 is an adult individual who, at all times relevant to this action, was a police officer employed by the Philadelphia Police

Department, acting within the course and scope of his employment and under color of state law, and he is therefore considered a state actor for purposes of this litigation. Plaintiff does not currently have access to this Defendant's identifying information, and reserves the right to amend his Complaint to add this Defendant's identifying information once it is discovered in the course of litigation.

## FACTUAL ALLEGATIONS

6. On December 15, 2022, Plaintiff exited out the front door of his home and walked down the steps to the sidewalk.

7. As he got to the sidewalk, Defendant Kane pulled up in a marked police cruiser, double-parked the cruiser, got out of the cruiser and began approaching the Plaintiff and his residence.

8. Unsure of why Defendant Kane was there or what he may have been responding to, Plaintiff turned and walked back into his home.

9. Defendant Kane followed Plaintiff into his home, without a warrant granting entry into the Plaintiff's residence, and without probable cause to believe that Plaintiff was involved in any sort of criminal activity.

10. Once inside the Plaintiff's home, and in view of Plaintiff's understandably startled girlfriend, Defendant Kane placed the Plaintiff under arrest and handcuffed him.

11. During this time period, Defendant John Doe Police Officer #1 pulled up outside the Plaintiff's home as well, exited his vehicle, and proceeded inside the Plaintiff's residence, similarly without a warrant or any probable cause to believe the Plaintiff was involved in any sort of criminal activity.

12. Defendant John Doe Police Officer #1 served as backup to Defendant Kane inside the Plaintiff's residence while Defendant Kane arrested and handcuffed the Plaintiff.

13. Defendant Kane then escorted the Plaintiff outside to his waiting patrol vehicle and ultimately placed the Plaintiff in the rear seat before transporting him to the police district.

14. Plaintiff was thereafter held at the police district for an extended period of time and was ultimately released without being charged with anything or being presented with a warrant granting Defendant Kane a right of access to the Plaintiff's residence.

## CLAIMS FOR RELIEF

### COUNT I
### Andre Oliver v. All Defendants
### Fourth Amendment – False Arrest

15. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

16. Defendants' conduct as described above constituted false arrest, as there existed no probable cause nor any reasonable apprehension of probable cause to believe that Plaintiff was involved in any sort of criminal activity prior to his arrest.

17. Defendants' conduct constituted a violation of Plaintiff's right pursuant to the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizure.

18. As a result of the Defendants' conduct, Plaintiff was unlawfully arrested and detained for an extended period of time, causing a deprivation of his liberty and significant emotional distress and mental anguish.

## COUNT II
## Andre Oliver v. All Defendants
## Fourth Amendment – Conspiracy to Commit False Arrest

19. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

20. By and through their conduct as previously described, the Defendants acted in concert with each other in a conspiracy to falsely arrest the Plaintiff in violation of his right to be free from unreasonable seizure pursuant to the Fourth Amendment to the U.S. Constitution.

21. As a result of the Defendants' conduct, Plaintiff was unlawfully arrested and detained for an extended period of time, causing a deprivation of his liberty and significant emotional distress and mental anguish.

## COUNT III
## Andre Oliver v. All Defendants
## Punitive Damages

22. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

23. The Defendants' conduct, as previously described, was wanton, willful, intentional, and outrageous, and Plaintiff is therefore entitled to an award of punitive damages in this action.

### PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests:

A. Compensatory damages;

B. Punitive damages;

C. Attorney's fees and costs; and,

B.  Such other relief as this Court may deem appropriate.

        Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855
DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099